UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PAT JENSON, GABRIEL WILLISON, AND ALISON EKBERG, individually, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BITESQUAD.COM, LLC,<br><br>Defendant. | Civil File No. _____<br><br>**NOTICE OF REMOVAL** |

TO: Clerk of Court, United States District Court for the District of Minnesota, 300 South Fourth Street, Suite 202, Minneapolis, Minnesota 55415; and Plaintiffs, by and through their attorneys of record, David A. Goodwin, Gustafson, Gluek, PLLC, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402.

Please take notice that Defendant BiteSquad.com, LLC ("Bite Squad") hereby removes this action from the Hennepin County District Court, Fourth Judicial District to the United States District Court for the District of Minnesota by filing this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d), 1446, 1453. In support of removal, Bite Squad states as follows:

**BACKGROUND**

1. On November 9, 2022, Plaintiffs Pat Jensen, Gabriel Wilson, and Alison Ekberg ("Plaintiffs") filed and served a Class Action Complaint captioned *Pat Jensen, Gabriel Wilson, and Alison Ekberg, individually and on behalf of all persons similarly situated v. Bitesquad.com, LLC*, No. 27-CV-22-16699, in the District Court of the Fourth Judicial District, County of Hennepin, State of Minnesota.

2. In the Complaint, Plaintiffs allege that representations made regarding Bite Squad's delivery fees violated the Minnesota Uniform Deceptive Practices Act and Minnesota False Statement in Advertisement statutes. (*See* Ex. A, Compl. ¶¶ 70-80.)

3. As required by 28 U.S.C. § 1446(a), the entire state court record, including a copy of the Summons and Complaint, is attached to this Notice of Removal as **Exhibit A**.

## CLASS ACTION DIVERSITY JURISDICTION

4. Defendants remove this action under 28 U.S.C. § 1441(c) based upon the Court's original jurisdiction over Plaintiff's claims under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d).

5. In Section 1332(d), CAFA grants district courts of the United States original jurisdiction over class actions in which: (1) any member of a putative class is a citizen of a state different from any defendant; (2) the members of the putative class are over 100 people; and (3) where the amount in controversy for the putative class exceeds $5 million. *Id.* Because all three requirements are met here, removal is appropriate.

**I.     DIVERSITY EXISTS BETWEEN PLAINTIFFS AND DEFENDANT**

6. First, CAFA requires that minimal diversity exists such that any plaintiff or prospective class member is a citizen of a different state than any defendant. 28 U.S.C. § 1332(d)(2)(A).

7. Plaintiffs include citizens of Minnesota, North Carolina, and Oklahoma. (Ex. A, Compl. ¶¶ 16-18.)

8. Bite Squad is a Minnesota limited liability company, with its sole member being a Delaware limited liability company (Waitr Intermediate Holdings, LLC) the sole

member of which is a Delaware corporation (Waitr Holdings, Inc.), which has its principal place of business in Louisiana. (Ex. B, Declaration of Armen Yeghyazarians.) For diversity purposes, Bite Squad is thus a citizen of Delaware and Louisiana. *See Cleek v. Ameristar Casino Kan. City, LLC*, 47 F.4th 629, 635 (8th Cir. 2022) ("The State of an LLC's organization does not determine its citizenship; only the citizenship of the LLC's members is determinative.").

9. CAFA's minimal diversity requirement is therefore satisfied because Plaintiffs include citizens of a different state than Bite Squad.

## II. THE PUTATIVE CLASS INCLUDES OVER 100 MEMBERS

10. In addition, CAFA requires the existence of at least 100 members in Plaintiff's putative class. 28 U.S.C. § 1332(d)(5)(B).

11. In the Complaint, Plaintiffs allege the putative class includes "hundreds or thousands of Class members," thus easily exceeding CAFA's 100-member requirement. (*See* Compl. ¶ 59.)

## III. THE AMOUNT IN CONTROVERSY INCLUDES OVER $5 MILLION

12. Finally, CAFA requires the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(d)(2). When assessing jurisdiction under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id.* § 1332(d)(6).

13. Here, Plaintiffs' Class Action Complaint does not specifically allege the total amount of monetary relief they seek individually or on behalf of a putative class. (*See* Ex.

A.) Plaintiffs generally allege, however, that they seek actual or monetary "damages" as a result of paying fees, when they placed an order, for free delivery through Bite Squad. (*See id.* ¶¶ 1, 15, 72, 75, 78-80.) Plaintiffs further define the class as "[a]ll consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered food delivery through the Bite Squad website, and were assessed delivery charges when they used a Promotion." (*Id.* ¶ 57.)

14. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 554 (2014). "When the notice of removal plausibly alleges that the class might recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, 'then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'" *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019). "Even if it is highly improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." *Id.*

15. Bite Squad denies the allegations in the Class Action Complaint, denies Plaintiffs and the putative class suffered any damages, and denies Plaintiffs can meet the requirements for class certification. As pled, however, the total amount in controversy, including potential actual and statutory damages, attorneys' fees, and injunctive relief at issue in this action, on an aggregate, class-wide basis, would exceed the $5 million jurisdictional minimum set forth by CAFA. (Ex. B, Yeghyazarians Decl. ¶ 3.)

16.     As a result, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because the parties are sufficiently diverse and numerous and the amount in controversy exceeds $5 million, exclusive of interest and costs.

17.     Accordingly, Bite Squad is entitled to remove this action to the United States District Court for the District of Minnesota.

## VENUE

18.     The Hennepin County District Court in the Fourth Judicial District of the State of Minnesota is located within the Fourth Division of the United States District Court for the District of Minnesota.

19.     This Notice of Removal is therefore properly filed in the United States District Court for the District of Minnesota, which is a proper venue under 28 U.S.C. § 1441(a).

## TIMELY AND PROPER NOTICE

20.     Pursuant to 28 U.S.C. § 1446(b), Bite Squad timely filed this Notice within 30 days after service of the Summons and Complaint on November 9, 2022.

21.     Bite Squad will promptly serve Plaintiff with a copy of this Notice of Removal and file a Notice of Filing of Notice of Removal with the Hennepin County District Court, as required by 28 U.S.C. § 1446(d).

## RESERVATION OF RIGHTS

22.     By filing this Notice, Bite Squad is not admitting to any fact, legal conclusion, liability, or damages. Bite Squad expressly reserves all rights, claims, defenses, and objections to the Complaint, as well as reserving the right to respond to the Complaint

in any manner, including (but not limited to) the rights to compel arbitration, challenge Plaintiff's failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and challenge Plaintiffs' ability to satisfy the requirements for class certification pursuant to Federal Rule of Civil Procedure 23. Bite Squad further reserves the right to amend or supplement this Notice as necessary.

23.     If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of its position that the action is properly removable.

## CONCLUSION

24.     Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants request that this action be removed from the Fourth Judicial District of Minnesota, County of Hennepin, to the United States District Court for the District of Minnesota, and that all further proceedings be held before this Court.

Dated:  December 8, 2022                     **DORSEY & WHITNEY LLP**

By *s/ Caitlin L.D. Hull*
James K. Langdon (#0171931)
langdon.jim@dorsey.com
Caitlin L.D. Hull (#0398394)
hull.caitlin@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

*Attorneys for Defendant BiteSquad.com, LLC.*