# EXHIBIT A

**STATE OF MINNESOTA**                                     **DISTRICT COURT**
**COUNTY OF HENNEPIN**                           **FOURTH JUDICIAL DISTRICT**
                                                          Case Type: Civil/Other –
                                                          Deceptive Trade Practice

| | |
|---|---|
| PAT JENSON, GABRIEL WILLISON, AND ALISON EKBERG, individually, and on behalf of all persons similarly situated, | Case No. _____ |
| Plaintiffs, | **SUMMONS** |
| v. | |
| BITESQUAD.COM, LLC, | |
| Defendant. | |

THIS SUMMONS IS DIRECTED TO BITESQUAD.COM, LLC:

1. **YOU ARE BEING SUED**. Plaintiffs have started a lawsuit against you. Plaintiffs' Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**.   You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    120 South Sixth Street, Suite 2600, Minneapolis, MN 55402**.**

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to Plaintiffs' Complaint. In your Answer, you must state whether you agree or disagree with each paragraph of the Complaint. If you believe Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you may lose this case by default. You will not get to tell your side of the story, and the Court may decide against you and award Plaintiffs everything asked for in the Complaint.  If you do not want to contest the claims stated in the Complaint, you do not need to respond.  A default judgment can then be entered against you for the relief requested in the Complaint.

5.  **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

6.  **ALTERNATIVE DISPUTE RESOLUTION.**  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: November 9, 2022

**GUSTAFSON GLUEK PLLC**

*/s/David A. Goodwin*
Daniel E. Gustafson (#202241)
David A. Goodwin (#386715)
Anthony J. Stauber (#401093)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: 612-333-8844
Fax: 612-339-6622
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
tstabuer@gustafsongluek.com

**CARNEY BATES & PULLIAM, PLLC**

Randall K. Pulliam (*pro hac vice* application forthcoming)
Courtney E. Ross (*pro hac vice* application forthcoming)
519 West 7th Street
Little Rock, AR 72207
Telephone: 501-312-8500
Fax: 501-312-8505
rpulliam@cbplaw.com
cross@cbplaw.com

***Counsel for Plaintiffs***

Filed in District Court
State of Minnesota
11/9/2022 5:07 PM

**STATE OF MINNESOTA**                             **DISTRICT COURT**
**COUNTY OF HENNEPIN**                    **FOURTH JUDICIAL DISTRICT**
                                          Case Type: Civil/Other –
                                          Deceptive Trade Practice

| | |
|---|---|
| PAT JENSON, GABRIEL WILLISON, AND ALISON EKBERG, individually, and on behalf of all persons similarly situated, | Case No. _____ |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | **(JURY TRIAL DEMANDED)** |
| BITESQUAD.COM, LLC, | |
| Defendant. | |

Plaintiffs Pat Jenson, Gabriel Willison, and Alison Ekberg, ("Plaintiffs") bring this action individually, and on behalf of all persons similarly situated against Bitesquad.com, LLC ("Bite Squad"), and allege, upon information and belief based, among other things, upon the investigation made by Plaintiffs and through their attorneys as follows:

## **INTRODUCTION**

1.       This is a proposed class action seeking monetary damages, restitution, and injunctive and declaratory relief from Defendant Bitesquad.com, LLC, arising from its deceptive and untruthful promises to provide free delivery when one of its 'free delivery promotions' ("Promotion") is used.

2.       Bite Squad is a restaurant delivery service doing business in Arkansas, Florida, Hawaii, Minnesota, Mississippi, North Carolina, North Dakota, Ohio, Oklahoma, South Carolina, South Dakota, Tennessee, Texas, and Wisconsin. Through Bite Squad customers can order food for either in restaurant pick-up or delivery from hundreds of participating restaurants – referred to by Bite Squad as "Restaurant Partner[s]."

3.      In 2019 more than a million people had signed up for Bite Squad's services, which has likely grown significantly since the beginning of the COVID-19 pandemic.[1] And in 2018, Bite Squad reported revenue in excess of $83 million[2]. Bite Squad's business, along with all food delivery companies, soared over the past few years with the impact of COVID-19.

4.      Bite Squad has aggressively sent out its Promotion to customers for years, even moreso during the COVID-19 pandemic, exploiting an opportunity presented by Americans' reduced willingness to leave their homes.

5.      Bite Squad's growth has largely been fueled by these Promotions, an example of which is seen below:



*Figure 1*

---

[1]Edison Trends, *Understanding food delivery growth across the US, UK, Canada and Australia.* https://trends.edison.tech/research/global-food-delivery-2021.html (accessed 11/7/22).
[2] https://www.sec.gov/Archives/edgar/data/1653247/000156459019010735/wtrh-ex991_19.htm

6.    Consumers, now more than ever, choose to have meals and other items delivered by Bite Squad, because of these Promotions, including Bite Squad's representation that it will bring customers food at no charge.

7.    The representation of free delivery has caused consumers to flock to the Bite Squad platform, and upon information and belief, Bite Squad chooses to emphasize the claim that consumers can obtain free delivery by using its Promotion because it understands that consumers abhor delivery fees, and in many cases will walk away from a purchase before agreeing to pay for delivery.

8.    However, Bite Squad's promise of free delivery is misleading at best. While Bite Squad regularly advertises its free delivery promotions and Bite Squad's order confirmation page confirms a $0.00 delivery fee when the promotions are used, but the customer is in fact charged a fee that is only charged when a customer selects delivery. Said another way, Bite Squad charges a customer more when it delivers under the Promotion than the customer would pay making the exact order through Bite Squad and selecting 'pickup'. As a result, Defendant's promise of "Free Delivery" is not free at all.

9.    Obscured from users and hidden with the "Taxes & Fees" amount "Other Fees" that is nothing more than a delivery fee in disguise. Because the only service provided by Bite Squad is food delivery and the only time "Other Fees" are applied is on delivery orders, the "Other Fees" is an additional hidden delivery fee. Bite Squad obscures the true nature of the fee by naming it a "Other Fees."

10.    An example of what a consumer sees on the checkout page is below:



*Figure 2*

11.    Bite Squad omits and conceals material facts about the Bite Squad delivery service, never once informing consumers that the "Other Fees" is assessed *exclusively* on delivery customers and is therefore by definition a delivery charge.

12.    Through these practices, Bite Squad has concealed delivery fees from customers, and induced thousands of customers to sign up for and place orders through the Bite Squad platform, that otherwise would not have done so.

13.    As a result, Plaintiffs have not received the "Free Delivery" promise made in the Promotion.

14.    Hundreds of Bite Squad customers, like Plaintiffs, have been assessed hidden delivery charges they did not bargain for, and will continue to be assessed such hidden delivery fees unless Bite Squad's conduct is enjoined.

15.    Plaintiffs and Class members have been injured by Bite Squad's practices. Plaintiffs bring this action on behalf of themselves, the putative Class, and the general public. Plaintiffs seek actual damages, punitive damages, restitution, and an injunction on behalf of the general public to prevent Bite Squad from continuing to engage in its illegal practices described herein and to fairly allow consumers to decide whether they will pay Bite Squad's delivery mark-ups.

## PARTIES

16.    Plaintiff Pat Jenson is an individual residing in Hennepin County, Minnesota. Ms. Jenson is a customer of Bite Squad having signed up for the service on the Company's website. Further, Ms. Jenson has made purchases from Defendant using the company's "Free Delivery" promotion.

17.    Plaintiff Gabriel Willison is an individual residing in North Carolina. Mr. Willison is a customer of Bite Squad having signed up for the service on the Company's website. Further, Mr. Willison has made purchases from Defendant using the company's "Free Delivery" promotion.

18.    Plaintiff Alison Ekberg is an individual residing in Oklahoma. Ms. Ekberg is a customer of Bite Squad having signed up for the service on the Company's website. Further, Ms. Ekberg has made purchases from Defendant using the company's "Free Delivery" promotion.

19.    Defendant Bite Squad is a Minnesota Corporation with its principal place of business at 905 Park Avenue, Minneapolis, MN 55404.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction over this action pursuant to Minn. Stat. Ann. § 484.01 (West).

21.     Venue is proper pursuant to Minn. Stat. Ann. § 542.01 (West) because Bite Squad is headquartered in this county. Bite Squad also targets customers with its false advertising and makes substantial sales within this county.

22.     This Court has personal jurisdiction over Bite Squad because Bite Squad maintains its principal place of business in Hennepin County, Minnesota. This Court also has personal jurisdiction over Bite Squad because Bite Squad regularly markets and sells its services, including the services at issue in this case, to customers in this county.

## GENERAL ALLEGATIONS

A.     **Food Delivery Services Increase in Popularity, and then Explode in Popularity During the Pandemic.**

23.     US Foods reports that the standard American consumer has two food delivery apps installed on his mobile phone and utilizes the apps about three times per month.[3] Further, 46% of smartphone users use their phones at least once a month to order restaurant takeout or delivery. (Source: 2017 State of the Industry, National Restaurant Association).

24.     Zion & Zion conducted a research study which shows that the largest user markets for online food delivery services are the young and the poor.[4] This means the industry influences some of the country's most financially vulnerable populations.

---

[3] *See* US Foods, New Study Shows What Consumers Crave in a Food Delivery Service, 2019, accessible at https://www.usfoods.com/our-services/business-trends/2019-food-deliverystatistics.html, last accessed October 20, 2022.

[4] *See* Aric Zion and Thomas Hollman, Zion & Zion Research Study, Usage and Demographics of Food Delivery Apps, accessible at https://www.zionandzion.com/research/food-delivery-appsusage-and-demographics-winners-losers-and-laggards/, last accessed October 20, 2022.

Filed in District Court
State of Minnesota
11/9/2022 5:07 PM

25.     During a 90-day timeframe, 63% of consumers between the ages of 18 and 29 used a multi-restaurant delivery website or app service, followed by 51% of consumers between the ages of 30 to 44.[5] The study also demonstrated that the "less income a consumer earns, the more likely the consumer is to take advantage of restaurant delivery services," as those earning less than $10,000 per year ordered online delivery the most (51.6%).[6]

26.     Additionally, food delivery orders have doubled since the COVID-19 outbreak began.[7] Bite Squad itself indicated, referring to 2020, "I don't have to tell you that this year was unlike any before. We were all unable to go out and about like usual, so there was a lot more eating at home."[8]

27.     The arrival of the COVID-19 pandemic increased the value of online food delivery services from one of convenience to that of a necessity for many consumers who are sick, in a high-risk population group for COVID-19, or do not feel safe to leave their homes.

28.     In the wake of the food delivery surge, Consumer Reports highlighted the need for fee transparency for consumers who use these apps and services.[9] A research team investigated food delivery companies and the report measured their compliance with new rules regarding fees enacted in seven US cities aimed at protecting consumers and businesses during the pandemic. It found that these companies failed to comply with the new ordinances and continued to "employ design practices that obfuscate fees." They concluded that "[c]onsumers deserve to have informed

---

[5] *Id.*

[6] *Id.*

[7] *See* Tal Axelrod, The Hill, Yelp: Delivery and take-out twice as popular as usual amid coronavirus, March 20, 2020, available at https://thehill.com/policy/technology/488749-yelp-delivery-and-takeout-twice-as-usual-amid-coronavirus, last accessed October 20, 2022.

[8] https://bitesquad.wpcomstaging.com/2020/12/23/2020-year-in-review/

[9] *See* Consumer Reports, Collecting Receipts: Food Delivery Apps & Fee Transparency, September 29, 2020, accessible at https://digital-lab-wp.consumerreports.org/wpcontent/uploads/2020/09/Food-delivery_-Report.pdf, last accessed October 20, 2022.

choices to understand what they are being charged for and how their dollars spent impacts the restaurants they support and patronize in their communities."

**B.    Bite Squad Omits and Conceals Material Facts About the Costs of the Bite Squad Delivery Service.**

29.    Founded in 2012, Bite Squad operates an online food ordering and delivery service where it allows consumers access to order from its Restaurant Partners. Bite Squad then coordinates delivery of the orders. These orders can be placed on Bite Squad's website, or through Bite Squad's app.

30.    For its 2018 fiscal year, Bite Squad reported its average daily orders were approximately 17,358 which is over double the amount of average daily orders from the year prior. Additionally, Bite Squad more than doubled its revenue number for 2017 in 2018.[10]

31.    In exchange for its service, Bite Squad discloses that customers are charged a delivery fee, unless they apply on of the free promotions Bite Squad regularly sends to customers.

32.    After a person uses Bite Squad several times, Bite Squad begins blasting the user with emails, at least two or three times a week. These emails often offer a promotion to entice the user to continue use of the Bite Squad service. One such email promotion is for "FREE DELIVERY" and includes a code to enter at checkout. A representative of such an email appears below:



---

[10] https://www.sec.gov/Archives/edgar/data/1653247/000156459019010735/wtrh-ex993_18.htm

Filed in District Court
State of Minnesota
11/9/2022 5:07 PM



*Figure 3*

33.    When the free delivery promotion is applied, the line item for "Booking Fee" is subtracted out, creating the appearance that delivery is indeed free. However, Bite Squad is still charging a fee for delivering the food.



*Figure 4*

34.    On the ordering screen, and for the first time in the ordering process, Bite Squad presents a line item called "Taxes & Fees." The ordering screen does not explain what is comprised within the "Taxes & Fees" line item. Indeed, the phrase "Taxes & Fees" represents to reasonable consumers like Plaintiffs that the line item represents government-imposed assessments like taxes. But that is not true. By grouping Bite Squad's own fees with government-imposed taxes, Bite Squad intends to and does obscure the difference between the two.



*Figure 5*

35.    Only if a user clicks on an "i" button near that line do two further line-items appear: "Other Fees" and "Sales Tax." "Sales Tax" adds the locally applicable sales tax rate. "Other Fees" adds a further charge payable to Bite Squad.

36.    But because Bite Squad's sole service is to provide delivery of food, this "Other Fees" is an additional hidden delivery charge. The actual "Booking Fee"—the extra charge for

having food delivered as opposed to picking it up—is the listed "Booking Fee" plus the hidden "Other Fees" markup applied by Bite Squad.

37.     Bite Squad applies "Other Fees" exclusively to delivery orders, hides the "Other Fees" from users behind a hyperlink, and misrepresents that the "Other Fees" category is actually a hidden delivery charge.

38.     If a user clicks a further link next to "Other Fees," a disclosure appears stating that the fee "helps us operate Bite Squad."

39.      This disclaimer is unfair, false, misleading, and deceptive. "Operating Bite Squad" is Bite Squad's core service: providing food delivery. The "Other Fees" is a hidden delivery fee.

40.     When customers use the Promotion, Bite Squad misrepresents that the delivery will be free.

41.     Further, it is not until after consumers have selected a restaurant, chosen menu items, and clicked on the "Review My Order" button, that they are presented any information about additional fees.

42.     The "Tax & Fees" line item was listed as a single amount that combined taxes with certain fees charged by Bite Squad, such as "Other Fees" and a "Small Order Fee," if applicable. Only by clicking on the small circle with an "i" inside, which is located to the right of the listing for the "Tax & Fees," would a consumer then be presented with a pop-up box that had an itemized listing of the fees and estimated tax.

43.     This practice is also unfair, false, deceptive, and misleading because a consumer would expect that all applicable Bite Squad fees—not just the "Booking Fee"—would be disclosed at the outset of the order, before the consumer has taken the time and effort to make restaurant and menu selections. Moreover, at the end of the ordering process, a consumer would have expected

taxes to be listed separately from Bite Squad's fees, as they were separate types of charges. This is especially the case because Bite Squad already has listed and continues to list its "Booking fee" as a separate itemized charge. Although Bite Squad provided separate charges for taxes and fees this information was only made available to consumers if they took the extra step of clicking on the small circle with the "i" inside of it. This circle is not obvious to consumers, as it is small and not in a contrasting color to make it conspicuous.

44.      When a person uses Bite Squad to pickup an order they have placed on the platform, no additional 'Other Fees' are applied to the order, the person merely pays sales tax. Thus, when using the Promotion, Bite Squad's additional 'Other Fees' added in the drop-down menu is a charge for delivery.

## PLAINTIFF SPECIFIC ALLEGATIONS

45.      Plaintiff Pat Jenson signed up for Bite Squad in 2020 and has received then used ten free delivery promotions. Ms. Jenson used the Bite Squad service more when she received the Promotion.

46.      Believing she would receive free delivery, Plaintiff ordered meals for delivery from Bite Squad using free delivery promotions received in her email inbox.

47.      However, the cost of food ordered by Plaintiff bore a hidden "Other Fees" markup that in fact represented an additional delivery fee.

48.      Plaintiff would not have made the purchases if she had known the Bite Squad delivery fee was not truly waived when she used the free delivery promotions.

49.      Plaintiff Gabriel Willison signed up for Boone Takeout originally, however when Bite Squad acquired Boone Takeout his account was transferred to Bite Squad on May 24, 2018.

Filed in District Court
State of Minnesota
11/9/2022 5:07 PM

Mr. Willison used eleven free delivery promotions. Mr. Willison also won free delivery from Bite Squad for a year in 2018 when he ordered with free delivery 19 times.

50.    Believing he would receive free delivery, Plaintiff ordered meals for delivery from Bite Squad using free delivery promotions received in his email inbox.

51.    However, the cost of food ordered by Plaintiff bore a hidden "Other Fees" markup that in fact represented an additional delivery fee.

52.    Plaintiff would not have made the purchases if he had known the Bite Squad delivery fee was not truly waived when he used the free delivery promotions.

53.    Plaintiff Alison Ekberg signed up for Bite Squad in 2019 and has received then used approximately five free delivery promotions. Ms. Ekberg used the Bite Squad service more when she received the Promotion.

54.    Believing she would receive free delivery, Plaintiff ordered meals for delivery from Bite Squad using free delivery promotions received her email inbox.

55.    However, the cost of food ordered by Plaintiff bore a hidden "Other Fees" markup that in fact represented an additional delivery fee.

56.    Plaintiff would not have made the purchase if she had known the Bite Squad delivery fee was not truly waived when she used the free delivery promotions.

## CLASS ACTION ALLEGATIONS

57.    Pursuant to Minn. R. Civ. P. 23.01 and Minn. R. Civ. P. 23.02 Plaintiffs bring this action on behalf of themselves and a Class of similarly situated persons defined as follows:

> All consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered food delivery through the Bite Squad website, and were assessed delivery charges when they used a Promotion.

58.     Excluded from the Class are Defendant, any entities in which they have a controlling interest, any of their parents, subsidiaries, affiliates, officers, directors, employees and members of such persons' immediate families, and the presiding judge(s) in this case, and their staff. Plaintiffs reserve the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

59.     **Numerosity**: At this time, Plaintiffs do not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiffs believe that there are hundreds or thousands of Class members, and thus are so numerous that joinder of all members is impractical. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery in the possession of the Defendant.

60.     **Commonality**: There are questions of law or fact common to the Class, which include, but are not limited to the following:

a.  Whether during the class period, Defendant deceptively represented its Delivery Fee on food deliveries ordered through Bite Squad;

b.  Whether Defendant's alleged misconduct misled or had the tendency to mislead consumers;

c.  Whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

d.  Whether Defendant's alleged conduct constitutes violations of the laws asserted;

e.  Whether Plaintiffs and members of the Class were harmed by Defendant's misrepresentations;

f.  Whether Plaintiffs and the Class have been damaged, and if so, the proper measure of damages; and

g.  Whether an injunction is necessary to prevent Defendant from continuing to deceptively represent its Delivery Fee on food deliveries ordered through Bite Squad.

61.  **Typicality**: Like Plaintiffs, many other consumers ordered food for delivery from Bite Squad's website or mobile app, believing delivery free based on Defendant's representations. Plaintiffs' claims are typical of the claims of the Class because Plaintiffs and each Class member was injured by Defendant's false representations about the true nature of the delivery fee. Plaintiffs and the Class have suffered the same or similar injury as a result of Defendant's false, deceptive and misleading representations. Plaintiffs' claims and the claims of members of the Class emanate from the same legal theory, Plaintiffs' claims are typical of the claims of the Class, and, therefore, class treatment is appropriate.

62.  **Adequacy of Representation**: Plaintiffs are committed to pursuing this action and have retained counsel competent and experienced in prosecuting and resolving consumer class actions. Plaintiffs will fairly and adequately represent the interests of the Class and do not have any interests adverse to those of the Class.

63.  The Proposed Class Satisfies the Minn. R. Civ. P. 23.02 Prerequisites for Injunctive Relief. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole. Plaintiffs remain interested in ordering food for delivery through Bite Squad's website and mobile app; there is no way for them to know when or if Defendant will cease deceptively misrepresenting the cost of delivery.

64.     Defendant's ongoing and systematic practices make declaratory relief with respect to the Class appropriate.

65.     The Proposed Class Satisfies the Minn. R. Civ. P. 23.02 Prerequisites for Damages. The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive, and equitable relief at issue for each individual Class member.

66.     The questions of law and fact common to the members of the Customer Class predominate over any questions of law or fact affecting only individual members of the Customer Class. The primary claim to be proved in this case is whether Bite Squad's concealment of the true costs of delivery account to actionable false advertising, and Bite Squad's practices are consistently applied to each individual member of the Customer Class. Moreover, questions as to the appropriate method to determine damages can be adjudicated class wide. These issues predominate over any individual issues, of which there appear to be none.

67.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Prosecution as a class action will eliminate the need for repetitious litigation—if it were even feasible for members of the Customer Class to proceed individually.

68.    The amount of potential damages for each member of the Customer Class is small enough that no legal recourse can realistically be obtained by members of the Customer Class without proceeding as a class action. Thus, members of the Customer Class have no cognizable interest in individually litigating and controlling the claims asserted herein.

69.    The Customer Class is readily definable by review of sales records. Moreover, Bite Squad should have records of the e-mail addresses and addresses of customers that have purchased items through Bite Squad such that providing notice to the Customer Class will be practicable. Thus, there does not exist any significant likely difficulties in managing the claims as a class action.

**FIRST CLAIM FOR RELIEF**
**Violations of the Minnesota**
**Uniform Deceptive Practices Act**
**Minn. Stat. Ann. § 325D.45(1), et al.**

70.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

71.    The Minnesota Uniform Deceptive Practices Act ("MUDPA") prohibits unfair or deceptive acts or practices in connection with consumer transactions.

72.    Because of the unfair and deceptive acts and practices of Defendant, on behalf of the Class, Plaintiff seeks actual damages, statutory damages, injunctive and declaratory relief, and other such equitable relief as the Court finds necessary and proper, as well as reasonable attorneys' fees and costs. Minn. Stat. Ann. § 325D.45(1); Minn. § 8.31 subd. 3a.

73.    Bite Squads actions regarding its food delivery service, as described herein, are unfair and deceptive acts and practices in the conduct of business trade or commerce of food and in the furnishing of food delivery services.

74.    The unfair and deceptive acts or practices and the furnishing of food delivery services took place in this State because Bite Squad operates in this State and because the food

delivery transaction took place in this State when Bite Squad accepted Plaintiff's food delivery order placed on the Bite Squad website or mobile app in this State.

75.    Plaintiffs and the Class suffered ascertainable loss and actual damages as a direct and proximate result of Bite Squad's misrepresentations and its concealment of and failure to disclose material information about its delivery fees and Promotion.

**SECOND CLAIM FOR RELIEF**
**Violations of the Minnesota**
**False Statement in Advertisement Statute**
**Minn. Stat. Ann. § 325F.67 (West)**

76.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

77.    The Minnesota False Statement in Advertisement Statute prohibits "an advertisement of any sort regarding merchandise, securities, service, or anything so offered to the public…" from containing any "material assertion, representation, or statement of fact which is untrue, deceptive, or misleading…" Minn. Stat. Ann. § 325F.67 (West).

78.    Defendant engaged in unfair, misleading, and deceptive acts and practices relating to its "Booking Fee" for food orders placed for delivery through the Bite Squad app or website. Specifically, Bite Squad advertises to customers that the charge for use of its delivery service represented by the "Booking Fee" disclosed, but this is false because Defendant imposes hidden delivery charges by covertly applying a "Other Fees" category and misrepresenting that it is actually a delivery charge. Defendant's acts and practices proximately caused injury to Plaintiff and the Class, and they are entitled to damages, injunctive and declaratory relief.

79.    Pursuant to Minn. Stat. § 8.31, subd. 3a, a private right of action exists for "any person injured by a violation of any of [section 325F.67 and other laws against false or fraudulent advertising]." And any person injured by said violation "may bring a civil action and recover

damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees and receive other equitable relief as determined by the court."

80.      Because of the unfair and deceptive acts and practices of Defendant, on behalf of the Class, Plaintiff seeks actual damages, minimum statutory damages, double and treble damages, injunctive relief, and other such equitable relief as the Court finds necessary and proper, as well as reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs on behalf of themselves and the Class seek judgment in an amount to be determined at trial, as follows:

(a) For public injunctive relief, enjoining Defendant from continuing the unlawful practices set forth above;

(b) For declaratory and injunctive relief as set forth above;

(c) For an order requiring Defendant to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above;

(d) For compensatory damages according to proof;

(e) For punitive damages according to proof;

(f) For reasonable attorneys' fees and costs of suit;

(g) For pre-judgment interest; and

(h) Awarding such other and further relief as this Court deems just, proper and equitable.

Filed in District Court
State of Minnesota
11/9/2022 5:07 PM

## **JURY DEMAND**

Plaintiffs hereby demand a jury trial on all claims so triable.

Dated: November 9, 2022

**GUSTAFSON GLUEK PLLC**

*/s/David A. Goodwin*
Daniel E. Gustafson (#202241)
David A. Goodwin (#386715)
Anthony J. Stauber (#401093)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: 612-333-8844
Fax: 612-339-6622
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
tstabuer@gustafsongluek.com

**CARNEY BATES & PULLIAM, PLLC**

Randall K. Pulliam (*pro hac vice* application forthcoming)
Courtney E. Ross (*pro hac vice* application forthcoming)
519 West 7th Street
Little Rock, AR 72207
Telephone: 501-312-8500
Fax: 501-312-8505
rpulliam@cbplaw.com
cross@cbplaw.com

***Counsel for Plaintiffs***

Filed in District Court
State of Minnesota
11/9/2022 5:07 PM

State of Minnesota          }
County of Hennepin          }                    Affidavit of Service

I, Mark Miller, state that on Wednesday, November 9, 2022 at 12:45 PM I served the Summons &
Complaint upon Bitesquad.com, LLC, therein named, personally at 2345 Rice Street, Suite 230,
Roseville, MN, by handing to and leaving with Chris Olund, Agent for Corporation Service
Company, authorized to accept service, the Registered Agent for Bitesquad.com, LLC, a true
and correct copy thereof.

I declare under penalty of perjury that everything I have stated in this document is true
and correct.  Minnesota Statute § 358.116.

Dated: 11/9/2022

Mark Miller, Process Server





MINNESOTA
JUDICIAL
BRANCH

*2567516 - 1*

Metro Legal
legal support specialists since 1969

616 South 3rd Street
Minneapolis, MN 55415-1104
(800) 488-8994
www.metrolegal.com

RE: 6289-001                           -1-

| | |
|---|---|
| **STATE OF MINNESOTA**<br>**COUNTY OF HENNEPIN** | **DISTRICT COURT**<br>**FOURTH JUDICIAL DISTRICT**<br>Case Type: Civil/Other –<br>Deceptive Trade Practice |

| | |
|---|---|
| PAT JENSON, GABRIEL WILLISON,<br>AND ALISON EKBERG, individually,<br>and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BITESQUAD.COM, LLC,<br><br>Defendant. | Case No. _____<br><br><br>**CIVIL COVER SHEET**<br>**(NON-FAMILY CASE TYPE)** |

Date Case Filed: November 9, 2022

<u>**Attorneys for Plaintiffs:**</u>

Daniel E. Gustafson (#202241)
David A. Goodwin (#386715)
Anthony J. Stauber (#401093)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: 612-333-8844
Fax: 612-339-6622
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
tstabuer@gustafsongluek.com


Randall K. Pulliam (*pro hac vice* application
forthcoming)
Courtney E. Ross (*pro hac vice* application
forthcoming)
**CARNEY BATES & PULLIAM, PLLC**
519 West 7th Street
Little Rock, AR 72207
Telephone: 501-312-8500
Fax: 501-312-8505
rpulliam@cbplaw.com
cross@cbplaw.com

<u>**Attorneys for Defendant:**</u>

Unknown

<u>**Service Address for Defendant:**</u>
Bitesquad.com, LLC
C/o Corporation Service Company
2345 Rice Street, Suite 230
Roseville, MN 55313

Filed in District Court
State of Minnesota
11/9/2022 5:07 PM

1.   Provide a concise statement of the case including facts and legal basis:

     Lawsuit against Bitesquad.com, LLC for violations of Minnesota Uniform Deceptive
     Practices Act and Minnesota False Statement in Advertisement Statute for damages,
     restitution, and injunctive and declaratory relief arising from defendant's deceptive and
     untruthful promises to provide free delivery when a customer uses one of defendant's
     "free delivery promotions."

2.   Date Complaint was served: <u>November 9, 2022</u>

3.   For Expedited Litigation Track (ELT) Pilot Courts only:
     a.      □ the parties jointly and voluntarily agree that this case shall be governed by the
             Special Rules for ELT Pilot.  Date of agreement: _____
     b.      □ The court is requested to consider excluding this case from ELT for the
             following reasons: _____
     Note:  ELT is mandatory in certain cases, and where mandatory, exclusion may also be
     sought by timely motion under the Special Rules for ELT Pilot.
     c.      Anticipated number of trial witnesses: _____
     d.      Amount of medical expenses to date: _____
     e.      Amount of lost wages to date: _____
     f.      Identify any known subrogation interests: _____

4.   For Complex Cases (See Minn. Gen. R. Prac. 146):
     a.      Is this case a "complex case" as defined in Rule 146? ____ Yes __X_ No
     b.      State briefly the reasons for complex case treatment for this case:

5.   Estimated discovery completion within <u>[TBD]</u> months from the date of this form.

6.   Disclosure / discovery of electronically stored information discussed with other party?
     ☒ No    □ Yes, date of discussion: _____
     If Yes, list agreements, plans, and disputes: _____

7.   Proposed trial start date: <u>[TBD]</u>

8.   Estimated trial time:  <u>[TBD]</u>  days _____ hours (estimates less than a day must be
     stated in hours).

9.   Jury trial is:
     □ waived by consent of _____ pursuant to Minn. R. Civ. P. 38.02.

     ☒ requested by _____Plaintiffs_____ (NOTE: Applicable fee must be enclosed)

10.  Physical/mental/blood examination pursuant to Minn. R. Civ. P. 35 is requested:
     □ Yes  ☒ No

27-CV-22-16699

CASE 0:22-cv-03044-NEB-ECW    Doc. 1-1    Filed 12/08/22    Page 27 of 32    Filed in District Court
State of Minnesota
11/9/2022 5:07 PM

11.    Identify any party or witness who will require interpreter services, and describe the services needed (specifying language, and if known, particular dialect):    <u>Unknown</u>

12.    Issues in dispute: _____

13.    Case Type / Category: _____<u>Civil/Other – Deceptive Trade Practice</u>_____ (NOTE: select case type from Form 23, Subject Matter Index for Civil Cases, appended to the Minnesota Rules of Civil Procedure).

14.    Recommended Alternative Dispute Resolution (ADR) mechanism:    <u>TBD</u>_____
(See list of ADR processes set forth in Minn. Gen. R. Prac. 114.02(a))
Recommended ADR provider (known as a "neutral"):    <u>TBD</u>_____
Recommended ADR completion date:    <u>TBD</u>_____
            If applicable, reasons why ADR not appropriate for this case: _____

        By signing below, the attorney or party submitting this form certifies that the above information is true and correct.

Dated: November 9, 2022                 **GUSTAFSON GLUEK PLLC**

                                        <u>*/s/David A. Goodwin*</u>
                                        Daniel E. Gustafson (#202241)
                                        David A. Goodwin (#386715)
                                        Anthony J. Stauber (#401093)
                                        Canadian Pacific Plaza
                                        120 South Sixth Street, Suite 2600
                                        Minneapolis, Minnesota 55402
                                        Telephone: 612-333-8844
                                        Fax: 612-339-6622
                                        dgustafson@gustafsongluek.com
                                        dgoodwin@gustafsongluek.com
                                        tstabuer@gustafsongluek.com

                                        **CARNEY BATES & PULLIAM, PLLC**

                                        Randall K. Pulliam (*pro hac vice* application forthcoming)
                                        Courtney E. Ross (*pro hac vice* application forthcoming)
                                        519 West 7th Street
                                        Little Rock, AR 72207
                                        Telephone: 501-312-8500
                                        Fax: 501-312-8505
                                        rpulliam@cbplaw.com
                                        cross@cbplaw.com

STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF HENNEPIN                    FIRST JUDICIAL DISTRICT
                                          Case Type:  Civil/Other

| | |
|---|---|
| PAT JENSON, GABRIEL WILLISON, AND ALISON EKBERG, individually, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BITESQUAD.COM, LLC,<br><br>Defendant. | Court File No. 27-CV-22-16699<br><br>**STIPULATION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND** |

Defendant BiteSquad.com, LLC and Plaintiffs Pat Jenson, Gabriel Willison, and Alison Ekberg, by and through their counsel of record, hereby stipulate and agree that the date by which Defendant must answer or otherwise respond to the Complaint shall be extended to December 12, 2022.

Dated:  November 21, 2022            DORSEY & WHITNEY LLP


                                        By */s/ Caitlin L.D. Hull*
                                           James K. Langdon (#0171931)
                                           langdon.jim@dorsey.com
                                           Caitlin L.D. Hull (#0398394)
                                           hull.caitlin@dorsey.com
                                        50 South Sixth Street, Suite 1500
                                        Minneapolis, MN 55402
                                        Telephone:  (612) 340-2600
                                        Facsimile:  (612) 340-2868


                                        *Attorneys for Defendant BiteSquad.com, LLC*

Filed in District Court
State of Minnesota
11/21/2022 12:18 PM

Dated:  November 21, 2022            GUSTAFSON GLUEK PLLC


                                     By */s/ David A. Goodwin*
                                         Daniel E. Gustafson (#0202241)
                                         dgustafson@gustafsongluek.com
                                         David A. Goodwin (#0386715)
                                         dgoodwin@gustafsongluek.com
                                         Anthony J. Stauber (#0401093)
                                         tstauber@gustafsongluek.com
                                     Canadian Pacific Plaza
                                     120 South Sixth Street, Suite 2600
                                     Minneapolis, MN 55402
                                     Telephone: (612) 333-8844
                                     Facsimile: (612) 339-6622


                                     CARNEY BATES & PULLIAM, PLLC

                                         Randall K. Pulliam (*pro hac vice
                                         forthcoming*)
                                         rpulliam@cbplaw.com
                                         Courtney E. Ross (*pro hac vice
                                         forthcoming*)
                                         cross@cbplaw.com
                                     519 West 7th Street
                                     Little Rock, AR 72207
                                     Telephone: (501) 312-8500
                                     Facsimile: (501) 312-8505


                                     *Attorneys for Plaintiffs*

2

STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF HENNEPIN                      FIRST JUDICIAL DISTRICT
                                              Case Type:  Civil/Other

| | |
|---|---|
| PAT JENSON, GABRIEL WILLISON, AND ALISON EKBERG, individually, and on behalf of all persons similarly situated, | Court File No. 27-CV-22-16699 |
| Plaintiffs, | **NOTICE OF APPEARANCE** |
| vs. | |
| BITESQUAD.COM, LLC, | |
| Defendant. | |

PLEASE TAKE NOTICE that James K. Langdon of Dorsey & Whitney LLP hereby

notes his appearance in the above-captioned matter as counsel of record for Defendant

BiteSquad.com, LLC.

Dated:  November 21, 2022        DORSEY & WHITNEY LLP


By  _/s/ James K. Langdon_
        James K. Langdon (#0171931)
        langdon.jim@dorsey.com
        Caitlin L.D. Hull (#0398394)
        hull.caitlin@dorsey.com
    50 South Sixth Street, Suite 1500
    Minneapolis, MN 55402
    Telephone:  (612) 340-2600
    Facsimile:  (612) 340-2868

    *Attorneys for Defendant BiteSquad.com, LLC*

Filed in District Court
State of Minnesota
11/21/2022 4:18 PM

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                          FIRST JUDICIAL DISTRICT

Case Type:  Civil/Other

---

| | |
|---|---|
| PAT JENSON, GABRIEL WILLISON, AND ALISON EKBERG, individually, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BITESQUAD.COM, LLC,<br><br>Defendant. | Court File No. 27-CV-22-16699<br><br>**NOTICE OF APPEARANCE** |

---

PLEASE TAKE NOTICE that Caitlin L.D. Hull of Dorsey & Whitney LLP hereby notes her appearance in the above-captioned matter as counsel of record for Defendant BiteSquad.com, LLC.

Dated:  November 21, 2022          DORSEY & WHITNEY LLP

By _/s/ Caitlin L.D. Hull_
    James K. Langdon (#0171931)
    langdon.jim@dorsey.com
    Caitlin L.D. Hull (#0398394)
    hull.caitlin@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

*Attorneys for Defendant BiteSquad.com, LLC*

27-CV-22-16699

CASE 0:22-cv-03044-NEB-ECW    Doc. 1-1    Filed 12/08/22    Page 32 of 32    Filed in District Court
State of Minnesota
11/23/2022 1:09 PM

State of Minnesota
Hennepin County

District Court
Fourth Judicial District

**Court File Number: 27-CV-22-16699**

Case Type: Civil Other/Misc.

## Notice of Judicial Assignment-
## General Civil Block Cases

FILE COPY

---

**PAT JENSON, GABRIEL WILLISON, AND ALISON EKBERG, individually,and on behalf of all persons similarly situated vs Bitesquad.com, LLC**

Date Case Filed: November 09, 2022
All future papers must include the above file number, name of assigned judge, attorney identification number, and must otherwise conform to format requirements or they will be returned.

This case is assigned the following judicial officer for all further proceedings:

**District Court Judge Karen A. Janisch**
612-348-0705

**Mailing Address:** 300 South Sixth Street, MC 332, Minneapolis, MN 55487-0332

**Parties:**    If you receive this notice and have obtained an attorney, notify him/her of this assignment immediately.

**Attorneys:**    Only the first listed attorney for a party is being sent this notice. If you are the attorney receiving this notice, contact all other attorneys representing your party of the judge assignment and requirements.

The filing attorney/party is responsible for notifying all attorneys/parties not listed on the Civil Cover Sheet of the judge assignment and requirements.

Per Supreme Court order, e-filing is mandatory in this case for all attorneys and government agencies. Unrepresented parties are excluded by this order. Attorneys or government agencies must also e-serve all documents required or permitted to be served on other attorneys or government agencies. Upon receipt of this notice, attorneys and government agencies shall immediately add their firm/agency's service contact(s) for this case to the e-filing system. For further information on e-filing, go to: http://www.mncourts.gov/district/4/?page=3953.

All future hearings and trial dates will be scheduled by the courtroom staff. Check with the Court Display Monitors on the Public Service Level for the location on the day of the hearing.

A notice to remove this judicial officer must comply with Minnesota Rules of Civil Procedure 63.03 and Minnesota Statute § 542.16.

Failure to timely file any required document or other failure to comply with the General Rules of Practice for the District Courts may result in the impositions of sanctions, including possible dismissal of the case or striking of the Answer.

The Minnesota Supreme Court has adopted time objectives for the disposition of civil cases. The Fourth Judicial District adheres to these objectives which are: 90% of the cases should be disposed of within 12 months, 97% within 18 months, and 99% within 24 months of filing.

Dated: November 23, 2022

Sara Gonsalves
Court Administrator
Hennepin

cc:    JAMES KEVIN LANGDON, II